# IN THE COURT OF APPEALS OF IOWA

No. 21-0447
Filed October 6, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID RAY COX,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

        David Cox appeals the district court's revocation of his deferred judgment and imposition of a prison term. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

David Cox entered an *Alford* plea to eluding, a class "D" felony.[1] He also pled guilty to two serious misdemeanors. The district court deferred judgment and placed Cox on probation.

Several months later, the State applied to revoke Cox's probation, citing several violations of his probation agreement. Cox admitted to testing positive for methamphetamine and using alcohol. The district court modified his sentence to provide that Cox "successfully complete inpatient substance abuse treatment." The court allowed Cox to "remain on probation . . . for the duration of the period of probation."

In time, the State filed a second application to revoke Cox's probation. The State asserted in part that Cox was arrested for possession of a controlled substance and drug paraphernalia. Cox admitted to several violations of his probation agreement. The district court revoked his deferred judgment on the felony eluding count.[2] The court adjudicated Cox guilty and sentenced him to a prison term not exceeding five years.

On appeal, Cox contends "the district court abused its discretion by imposing a prison sentence after revoking [his] deferred judgment." *See State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019) (setting forth standard of review). He notes that "[h]e was trying to juggle employment while maintaining his sobriety"

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] The court noted that Cox's probation on the misdemeanor counts had expired and "probation [was] unsuccessfully discharged."

and was "addressing some mental-health issues." He also cites "a work conflict that resulted in the end of his employment." In his view, "a structured, sober-living facility would be beneficial for him."

As in *Covel*, "the district court put a great deal of time and thought into its decision to revoke [the defendant's] probation." *Id.* at 188. The court explained that the deferred judgment he received was "something that is quite rare"—it was "kind of a second chance to allow that person to prove themselves to the Court and show that they are worthy of having this offense stricken from their record." In exchange, the court said, there was an expectation that "the person [would] display exemplary conduct while they were on probation" and "prove to the Court that this was kind of a one-off situation, kind of an isolated event, and that it is not likely to occur in the future." The court noted that, when Cox first violated his probation, he was allowed "to keep the benefit of the deferred judgment." He was sent "to the inpatient substance-abuse treatment program," which he completed, but "other problems" brought him to court again. After citing Cox's recent arrest on drug charges, the court summed up as follows: "[S]uffice it to say that this is not the kind of conduct that the Court would expect for someone who has received the benefit of a deferred judgment."

We discern no abuse of discretion in the court's reasons for imposing a prison sentence. The court presided over the first probation revocation proceeding and gave Cox the benefit of the doubt at the conclusion of that proceeding. The court appropriately considered Cox's ongoing violations following the proceeding. As Cox's probation parole officer stated, Cox's performance on probation was "[p]oor, at best."

We affirm the district court's revocation of Cox's deferred judgment and imposition of a prison term.

**AFFIRMED.**